IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WISCONSIN CENTRAL LTD. | ) |
| | ) |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) ) |
| | ) |
| GRAND TRUNK WESTERN RAILROAD COMPANY, | ) Civil Action No. 1:23-CV-00291-JJT-MV ) |
| | ) |
| CHICAGO, CENTRAL & PACIFIC RAILROAD COMPANY, | ) ) |
| | ) |
| and | ) |
| | ) |
| BESSEMER AND LAKE ERIE RAILROAD COMPANY | ) ) |
| | ) |
| Plaintiffs/Counterclaim Defendants, | ) |
| | ) |
| v. | ) |
| | ) |
| BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION/IBT | ) ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

**MOTION OF DEFENDANT/COUNTERCLAIM PLAINTIFF BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION/IBT FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 (c) and Local Rule 56.1, plaintiff/counterclaim defendant Brotherhood of Maintenance of Way Employes Division/IBT ("BMWED" or "Union") hereby moves the Court for a summary judgment declaring that plaintiffs/counterclaim defendants Wisconsin Central LTD ("Wisconsin Central"), Illinois Central Railroad Company ("Illinois Central"), Grand Trunk Western Railroad Company ("GTW"), Chicago Central & Pacific Railroad Company ("CCP") and Bessemer and Lake Erie Railroad Company ("B&LE") (collectively "CN Railroads") have violated RLA Section 2 Seventh, 45 U.S.C. §152 Seventh, by

1

unilaterally changing and abrogating an agreement with BMWED concerning payment of travel allowances for employees who are classified as "Mobile", employees who are in "traveling gangs or who perform work that requires staying overnight in a lodging facility"; employees who are "classified as Mobile". The CN Railroads are simply refusing to pay travel allowances to certain of their maintenance of way employees who are designated as "Mobile" employees under that agreement, unilaterally declaring those employees to be ineligible for the allowances.

BMWED respectfully submits that, based on the facts that are not disputed, or cannot be genuinely disputed as set forth in BMWED's statement of material facts, the supporting declarations provided with this motion, and BMWED's memorandum of law, the Union is entitled to a summary judgment as a matter of law declaring that the CN Railroads' actions constitute an abrogation of the parties' collective bargaining agreement and a violation of Section 2 Seventh of the RLA.

    Respectfully submitted,

*/s/ Richard S. Edelman*
Richard S. Edelman (ARDC No. 416348)
Aaron S. Edelman (ARDC No. 1048499)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street NW, Suite 400
Washington, DC 20036
(202) 783-0010
Redelman@MooneyGreen.com
Aedelman@ MooneyGreen.com

*/s/ Wesley Kennedy*
Wesley Kennedy (ARDC No. 6188189)
Karen I. Engelhardt (ARDC No. 3128850)
Patrick J. Foote (ARDC No. 6335874)
Allison, Slutsky, and Kennedy
230 West Monroe, Suite 2600
Chicago, Illinois 60606
312.364 9400

kennedy@ask-attorneys.com
kie@ask-attorneys.com
foote@ask-attorneys.com

Counsel for the Brotherhood of Maintenance of Way Employes Division/IBT

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a copies of the foregoing Motion for Summary Judgment, Statement of Material Facts That Are Not Disputed Or Cannot Be Disputed, Memorandum Of Law In Support of Summary Judgment and supporting declarations to be served through the Court's electronic case filing system and by email to the following:

Jeremy J. Glenn
Brittany Green
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
jglenn@cozen.com
brittanygreen@cozen.com

Robert Hawkins
Andrew Rolfes
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
rhawkins@cozen.com
arolfes@cozen.com

April 21, 2023                                    */s/ Richard S. Edelman*
                                                   Richard S. Edelman